# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 31, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

     No. 24-40705     Texas Bankers Association v. CFPB
                USDC No. 7:23-CV-144

The case is tentatively calendared for oral the week of February 2, 2025.  A copy of the court's printed calendar indicating the exact date and time of the hearing will be provided prior to the hearing date.  Please adhere to the expedited briefing schedule without requesting extensions in order to ensure the availability of the briefs to the court prior to oral argument.

     Appellants' brief is due December 3, 2024

     Appellees' brief is due January 6, 2025

     Appellants' reply brief is due January 16, 2025

Record Excerpts: 5th Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief Covers: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S).  YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

Appearance Form: If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See Fed. R. App. P. and 5th Cir. R. 12.  The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

ATTENTION ATTORNEYS:  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions

for accessing and downloading the EROA can be found on our website at                          http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.    Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

## **Guidance Regarding Citations in Pleadings.**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal. You must use the proper citation format when citing to the electronic record on appeal.

   A.  In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number.  For example, "ROA.123."

   B.  For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record.  For example, "ROA.13-12345.123.".

   C.  Please note each individual citation must end using a termination of a period (.) or semicolon (;).

Brief Template:  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

Reminder as to Sealing Documents on Appeal:  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.


                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By:  /s/ Rebeca L. Leto

Rebecca L. Leto, Deputy Clerk

Enclosure(s)

cc w/encl:
     Ms. Sarah Johnson Auchterlonie
     Mr. Owen Colin Babcock
     Mr. James Winford Bowen
     Mr. Kevin E. Friedl
     Mr. Elbert Lin
     Mr. Robert Mark Loeb
     Ms. Erica Nicole Peterson
     Mr. John Clay Sullivan
     Mr. Misha Tseytlin

Case No. 24-40705

Texas Bankers Association; Rio Bank, McAllen, Texas; American
Bankers Association; Texas First Bank; Independent Bankers
Association of Texas; Independent Community Bankers of America,

                Plaintiffs - Appellants

v.

Consumer Financial Protection Bureau; Rohit Chopra, in his
official capacity as Director of the Consumer Financial
Protection Bureau,

                Defendants - Appellees

v.

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,

                Intervenor Plaintiffs - Appellants

------------------------------

XL Funding, L.L.C.; Equipment Leasing and Finance Association;
Rally Credit Union; Credit Union National Association;
Cornerstone Credit Union League,

                Intervenors - Appellants