No. 24-40705

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Texas Bankers Association; Rio Bank, McAllen, Texas; American Bankers Association; Texas First Bank; Independent Bankers Association of Texas; Independent Community Bankers of America,
*Plaintiffs-Appellants*,

v.

Consumer Financial Protection Bureau; Rohit Chopra, in his official capacity as Director of the Consumer Financial Protection Bureau,
*Defendants-Appellees*,

v.

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,
*Intervenor Plaintiffs-Appellants*,

v.

XL Funding, L.L.C.; Equipment Leasing and Finance Association; Rally Credit Union; Credit Union National Association; Cornerstone Credit Union League,
*Intervenors-Appellants*.

On appeal from the United States District Court for the Southern District of Texas
Civil Action No. 7:23-cv-144
Hon. Randy Crane

# MOTION OF RISE ECONOMY AND NATIONAL ASSOCIATION FOR LATINO ASSET BUILDERS FOR RECONSIDERATION OF THEIR MOTION TO INTERVENE

---

Rachel L. Fried
Aman T. George
Robin F. Thurston
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Intervenors*

CERTIFICATE OF INTERESTED PERSONS
No. 24-40705, Texas Bankers Association et al. v. Consumer Financial Protection Bureau et al.

The undersigned counsel of record certifies that, in addition to those already listed in those briefs already filed by the parties and *amici*, the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Proposed Intervenors: Rise Economy and the National Association for Latino Community Asset Builders.

Counsel: Democracy Forward Foundation (Robin F. Thurston, Aman T. George, and Rachel L. Fried).

Pursuant to Fed. R. App. P. 26.1, Rise Economy and the National Association for Latino Community Asset Builders certify that they have no outstanding shares or debt securities in the hands of the public, they have no parent companies, and no publicly held company has a 10% or greater ownership interest in either organization.

Dated: January 24, 2025

Respectfully submitted,

*/s/ Aman T. George*
Aman T. George
*Counsel for Proposed Intervenors*

1

Table of Contents

INTRODUCTION ................................................................................................ 1

   I.   Rule 31.2 does not apply to Proposed Intervenors' Motion to Intervene .. 2

   II.  This Court uses a four-factor test to evaluate timeliness of a Motion to Intervene ................................................................................................. 4

   III.  Timeliness is a contextual inquiry, not rigidly tied to any single filing deadline ................................................................................................... 6

CONCLUSION ................................................................................................... 10

Table of Authorities

**Cases**

*Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. Of Educ.*, 88 F.4th 495 (4th Cir. 2023) .................................................................................................. 5

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022) .. 2, 4, 7, 8, 9

*Doucet v. Boardwalk Pipelines LP*, Civ. Action No. 4:20-cv-01793, 2021 WL 3674974 (S.D. Tex. Feb. 23, 2021) ................................................................ 3

*Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) ................................ 1, 6, 8

*Immigr. and Naturalization Serv. v. Chadha*, 462 U.S. 919 (1983) ........................... 8

*Inclusive Communities Project, Inc. v. Texas Dep't of Hous. & Cmty. Affs.*, No. 3:08-CV-0546-D, 2012 WL 2133667 (N.D. Tex. June 12, 2012) ................... 8

*John Doe No. 1 v. Glickman*, 256 F.3d 371 (5th Cir. 2001) .................................. 5, 8

*Mississippi v. Becerra*, 1:22-cv-113, 2023 WL 5668024 (S.D. Miss. July 12, 2023) ................................................................................................................ 9

*Nat'l Ass'n. for Advancement of Colored People v. New York*, 413 U.S. 345 (1973) ................................................................................................................ 6

*Pasqua Yaqui Tribe v. United States Env't Prot. Agency*, 4:20-cv-266-RM, 2021 WL 2576939 (D. Ariz. May 5, 2021) ................................................................ 9

*Pennsylvania v. DeVos*, No. 1:20-cv-01468 (D.D.C., minute order filed Feb. 4, 2021) ................................................................................................................ 9

*Republican Nat'l Comm. v. Wetzel*, No. 1:24CV25-LG-RPM, 2024 WL 988383 (S.D. Miss. Mar. 7, 2024 .................................................................................. 8

*Ross v. Marshall*, 426 F.3d 745 (5th Cir. 2005) .................................................. 2, 5, 6

*Ruiz v. Estelle*, 161 F.3d 814 (5th Cir. 1998) .......................................................... 8

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) .................................................. 8

*United Auto. Workers, Local 283 v. Scofield*, 382 U.S. 205 (1965) ........................ 4

**Other Authorities**

3

Appellant Brief, *EMW Women's Surgical Center, et al. v. Eric Friedlander, et al.*, No. 19-5516 (6th Cir. July 10, 2019) .............................................................. 7

Court Order Granting Motion to Intervene, *State of Texas et al. v. United States et al.*, 15-40238 (5th Cir. Nov. 19, 2015) ............................................................. 8

Fed. R. App. P. 15(d) ........................................................................................ 3

Fed. R. App. P. 27(b) ..................................................................................... 2, 3

Fed. R. App. P. 29(a)(3)(B) ............................................................................... 3

Fed. R. Civ. P. 24(a)(2) ............................................................................. 2, 4, 5

Fifth Circuit Rule 15.5 ...................................................................................... 3

Fifth Circuit Rule 31.2 ........................................................................ 1-4, 6, 8, 10

Intervenor Motion, *EMW Women's Surgical Center, et al. v. Eric Friedlander, et al.*, No. 19-5516 (6th Cir. June 11, 2020) ...................................................... 7

Opinion, *State of Texas et al. v. United States et al.*, 15-40238 (5th Cir. Nov. 9, 2015) ............................................................................................................ 8

Order on Motion to Dismiss, *Mississippi v. Becerra*, 1:22-cv-113, 2023 WL 5668024 (S.D. Miss. Mar. 28, 2023) ................................................................ 9

## INTRODUCTION

Proposed Intervenors Rise Economy (f/k/a the California Reinvestment Coalition) and NALCAB seek reconsideration of this Court's January 21, 2025, order, Dkt. 91-2, which denied Proposed Intervenors' motion to intervene, Dkt. 82. Given the proximity to oral argument and the pressing nature of their concerns, Proposed Intervenors respectfully request reconsideration by the merits panel assigned to this matter.

In denying Proposed Intervenors' motion, this Court's order concluded that "the time to intervene expired January 13, 2025," citing Fifth Circuit Rule 31.2. Dkt. 92-1. But Rule 31.2 does not apply to Proposed Intervenors' motion. Rule 31.2 governs the timing of the filing of *briefs* of intervenors or amici in support of a party, and Proposed Intervenors' motion was not such a brief, nor did it attach such a brief for entry on the docket should the intervention motion be granted. Rule 31.2 does not supply the proper standard for timeliness of a motion to intervene in the first instance.

Rather, for a motion to intervene, "[t]he timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest [in the lawsuit], or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit." *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (cleaned up). Whether a motion to intervene is timely is

1

properly evaluated using the four-factor test governing timeliness in this Circuit. *See, e.g., Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (detailing four factor timeliness test).

Proposed Intervenors thus respectfully request that this Court reconsider its order denying the motion to intervene pursuant to Fed. R. App. P. 27(b) and correct the mistaken application of Fifth Circuit Rule 31.2 to their intervention motion. Instead, as detailed in the motion to intervene, this Court should evaluate the motion using the four-factor test for timeliness applied by this Circuit, and the overall standard for intervention grounded in the inquiry district courts undertake pursuant to Fed. R. Civ. P. 24(a)(2). *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-7 (2022) (In the absence of any "statute or rule provid[ing] a general standard to apply in deciding whether intervention on appeal should be allowed" the courts have "looked elsewhere for guidance," specifically "consider[ing] the policies underlying intervention in the district courts.") (cleaned up).

I.   Rule 31.2 does not apply to Proposed Intervenors' Motion to Intervene

Fifth Circuit Rule 31.2 reads: "The time for filing the brief of intervenor or amicus is extended until 7 days after the filing of the principal brief of the party supported by the intervenor or amicus."

While Rule 31.2 does contemplate a time limit for the filing of briefs by intervenors, this limit properly applies only to briefs filed by parties who are already

2

intervenors in the case and that are intended to support the "principal brief of" a party. The Rule does not apply to motions to intervene in the first instance. *Cf.* Fed. R. App. P. 15(d); Fifth Circuit Rule 15.5 (governing deadlines for seeking to intervene in the review or enforcement of an order of an administrative agency, board, commission, or officer). Amicus and intervenor briefs covered by Rule 31.2 are those briefs addressing the dispositive issues at stake in the case—the issues addressed in the principal briefs of the parties. *Cf., e.g.,* Fed. R. App. P. 29(a)(3)(B) (An amicus brief must state "why the matters asserted are relevant to the disposition of the case.").

The motion filed by Proposed Intervenors was not a brief, nor did it support the principal brief of either party. It did not address the dispositive issues in the parties' briefing, to be considered by this Court during the Feb. 3, 2025, oral argument. Rather, the motion was a non-dispositive motion filed pursuant to Fed. R. App. P. 27. *Cf., e.g., Doucet v. Boardwalk Pipelines LP*, Civ. Action No. 4:20-cv-01793, 2021 WL 3674974 at *1 (S.D. Tex. Feb. 23, 2021) ("The Fifth Circuit hasn't considered whether a motion to intervene is properly characterized as dispositive or nondispositive. But every federal district court in Texas to do so has concluded that such motions are nondispositive. This conclusion is undoubtedly correct." The resolution of a motion to intervene "decides no issue of substance on the merits.") (cleaned up). Rule 31.2's deadline does not apply to this type of motion.

3

Nor did Proposed Intervenors seek to intervene in order to participate in the recently completed merits briefing, in which case the merits briefing deadlines could have been a relevant consideration as to their timeliness. Rather, as discussed in their motion, Proposed Intervenors sought intervention in response to the forthcoming change in administration on January 20, 2025, in order to protect their interests in this case going forward. Dkt. 82 at 14-16. Proposed Intervenors did not seek to add to or comment on the completed merits briefing, and the deadlines in Rule 31.2 were not relevant.

II.   **This Court uses a four-factor test to evaluate timeliness of a Motion to Intervene**

As detailed in Proposed Intervenors' motion, no rule of appellate procedure directly governs a motion for intervention of the type of intervention motion that was filed in this case. In the absence of such a rule, appellate courts look to "the 'policies underlying intervention' in the district courts, including the legal 'interest' that a party seeks to 'protect'" to determine whether intervention should be allowed. *Cameron*, 595 U.S. at 277 (citing *United Auto. Workers, Local 283 v. Scofield*, 382 U.S. 205, 217 n. 10 (1965)). Those policies underlying intervention are reflected in Federal Rule of Civil Procedure 24, which requires district courts to permit intervention from a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see also, e.g., Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. Of Educ.*, 88 F.4th 495, 498-99 (4th Cir. 2023) (evaluating a motion to intervene on appeal by considering a "non-exhaustive list of factors-the timeliness of the organizations' request, the interests the organizations seek to represent, the extent to which the existing parties adequately represent those interests, and the effect on the organizations and the current parties of granting or denying intervention.").

The proper test to determine whether a motion to intervene is timely involves consideration of four factors:

> Factor 1. The length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene.
>
> Factor 2. The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.
>
> Factor 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.
>
> Factor 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ross*, 426 F.3d at 754. "A motion to intervene may still be timely even if all the factors do not weigh in favor of a finding of timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001).

5

### III. Timeliness is a contextual inquiry, not rigidly tied to any single filing deadline

Intervention motions are fact-specific judgments typically resolved after consideration by a court, and as detailed below have generated a substantial body of written opinions weighing the factors at stake. It is unclear whether the Court's January 21 order mistakenly applied Rule 31.2 to Proposed Intervenors' filing, or whether it intended to incorporate Rule 31.2's seven-day deadline as a new rigid deadline for timeliness of intervention. To the extent the order did the latter, such an approach would be at odds with the nature of the timeliness inquiry.

"[T]he point to which the suit has progressed is one factor in the determination of timeliness," of an intervention motion but "it is not solely dispositive." *Nat'l Ass'n. for Advancement of Colored People v. New York*, 413 U.S. 345, 365-66 (1973). Timeliness is instead a "contextual" inquiry, that seeks to ensure that a would-be intervenor does not "prejudice[e] the original parties by the failure to appear sooner." *Ross*, 426 F.3d at 754. As such, courts evaluate whether a proposed intervenor waited too long "from the time the applicant knew or reasonably should have known of his interest, or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit." *Edwards*, 78 F.3d at 1000 (cleaned up).

In *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, for example, the Supreme Court rejected the Sixth Circuit's determination that a motion to intervene filed by Kentucky's Attorney General was untimely. 595 U.S. 267, 281 (2022). The Court examined when the Attorney General became aware or should have become aware that Kentucky's cabinet secretary for Health and Family Services would no longer defend a law restricting certain abortion procedures in Kentucky. *See id.* at 280 (noting that "[t]he attorney general sought to intervene two days after learning that the secretary would not continue to defend HB 454," and rejecting arguments that "the attorney general should have known that the secretary would change course" at an earlier date). Notably, Cameron's motion to intervene in that case was filed on June 11, 2020, nearly a year after the July 10, 2019, filing of Kentucky's principal brief. *See* Appellant Brief, *EMW Women's Surgical Center, et al. v. Eric Friedlander, et al.*, No. 19-5516 (6th Cir. July 10, 2019), Dkt. 15, and Intervenor Motion, *EMW Women's Surgical Center, et al. v. Eric Friedlander, et al.*, No. 19-5516 (6th Cir. June 11, 2020), Dkt. 56.

The second factor in the timeliness inquiry considers how a putative intervenor's involvement would prejudice the parties through its potential disruption of the litigation, which necessarily includes potential disruption to the existing briefing schedule. The result has been courts finding intervention timely after a wide range of times had passed since the triggering divergence of interests. *See, e.g., Sierra*

7

*Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (three weeks); *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998) (less than a month); *Glickman*, 256 F.3d at 377 (less than a month); *Edwards*, 78 F.3d at 1000 (37 and 47 days); *Inclusive Communities Project, Inc. v. Texas Dep't of Hous. & Cmty. Affs.*, No. 3:08-CV-0546-D, 2012 WL 2133667 at *1 (N.D. Tex. June 12, 2012) (41 days); *Republican Nat'l Comm. v. Wetzel*, No. 1:24CV25-LG-RPM, 2024 WL 988383 at *1 (S.D. Miss. Mar. 7, 2024) (less than two months). None of these cases reference or rely on the seven-day deadline in Rule 31.2 to determine the timeliness of an intervenor's motion.

Courts have also regularly found intervention to be timely *even after an opinion has been issued*, which is at odds with measuring timeliness according to the timeframe of Fifth Circuit Rule 31.2. *See, e.g., Cameron*, 595 U.S. at 272-73, 280-81 (intervention was timely even after final Sixth Circuit decision); *Immigr. and Naturalization Serv. v. Chadha*, 462 U.S. 919, 928, 930 n. 5 (1983) (Ninth Circuit granted intervention by House and Senate in 1981, after the issuance of its 1980 opinion); Court Order Granting Motion to Intervene, *State of Texas et al. v. United States et al.*, 15-40238 (5th Cir. Nov. 19, 2015), ECF No. 334-2 (granting intervention motion filed nine days after publication of opinion, *see* ECF No. 328).

This flexibility relative to the stage of the case makes sense given how common the fact pattern in this case is: nonparties seeking to intervene in litigation involving government agencies given a change in executive branch administration.

8

Courts regularly find the change in administration and the likely or resultant changes in litigation position to be the trigger for timely intervention, regardless of the stage of the case. *See, e.g., Cameron*, 595 U.S. at 272-73, 280-81 (motion to intervene, filed after the Sixth Circuit's final merits decision, was timely because of the recent change in administration policy with respect to the litigation); *Mississippi v. Becerra*, 1:22-cv-113, 2023 WL 5668024 at *6 (S.D. Miss. July 12, 2023) (holding a motion to intervene over a year after the filing of the complaint, over a month after the court's decision on a motion to dismiss, *see* Order on Motion to Dismiss, *Mississippi* (S.D. Miss. Mar. 28, 2023), Dkt. 52, to be too speculative because no change in administration and resulting change in policy had yet taken place); *Pasqua Yaqui Tribe v. United States Env't Prot. Agency*, 4:20-cv-266-RM, 2021 WL 2576939 at *1 (D. Ariz. May 5, 2021) (granting motion to intervene as timely "given the recent change in administration and Environmental Protection Agency leadership, which Intervenors aver led them to conclude that their interests were no longer adequately represented by Agency Defendants."); *Pennsylvania v. DeVos*, No. 1:20-cv-01468 (D.D.C., minute order filed Feb. 4, 2021) (granting intervention motion by the State of Texas on Jan. 19, 2021, because Texas "sought intervention near the time its interests diverged from the Department of Education and before the Department filed its answer, so its Motion is timely").

This flexibility is also necessary because of other factors that determine the appropriateness of intervention might arise at any point in the pendency of a case. For example, the divergence of interests between a party and an intervenor might not arise until longer than seven days after a principal brief is filed. To impose a seven-day deadline on motions for intervention like that of Proposed Intervenors in this case would effectively prevent parties who meet the intervention standard from ever intervening in cases where their interests cease to be adequately represented by the parties after that deadline.

The fact-specific and contextual inquiry used to pinpoint the time when a proposed intervenor was on notice that intervention may be necessary cannot be squared with the use of Rule 31.2's fixed deadline tied to the filing of one party's brief.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court reconsider its January 21, 2025, order denying Proposed Intervenors' motion as untimely.

Dated:

January 24, 2025

Respectfully submitted,

*/s/ Aman T. George*
Aman T. George
Rachel L. Fried
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
ageorge@democracyforward.org
rfried@democracyforward.org
rthurston@democracyforward.org

Counsel for Proposed Intervenors

## CERTIFICATE OF COMPLIANCE

This filing complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,396 words.

This filing also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Baskerville Old Face font.

Dated:

January 24, 2025

Respectfully submitted,

*/s/ Aman T. George*
Aman T. George
*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025, the foregoing document was filed using the CM/ECF system, which will effect service on all parties.

Dated:                                                    Respectfully submitted,

January 24, 2025                                   */s/ Aman T. George*
                                                          Aman T. George
                                                          *Counsel for Intervenors*