No. 24-40705

In The

# United States Court of Appeals for the Fifth Circuit

Texas Bankers Association; Rio Bank, McAllen, Texas; American Bankers Association; Texas First Bank; Independent Bankers Association of Texas; Independent Community Bankers of America,
*Plaintiffs-Appellants,*

v.

Consumer Financial Protection Bureau; Rohit Chopra, in his official capacity as Director of the Consumer Financial Protection Bureau,
*Defendants-Appellees,*

v.

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,
*Intervenor Plaintiffs-Appellants,*

---

XL Funding, L.L.C.; Equipment Leasing and Finance Association; Rally Credit Union; Credit Union National Association; Cornerstone Credit Union League,
*Intervenors-Appellants.*

On Appeal from the United States District Court for the Southern District of Texas, No. 7:23-cv-144
Hon. Randy Crane

**PLAINTIFFS – APPELLANTS' OPPOSITION TO RISE ECONOMY AND THE NATIONAL ASSOCIATION FOR LATINO COMMUNITY ASSET BUILDERS' MOTION TO RECONSIDER THE COURT'S DENIAL OF THEIR MOTION TO INTERVENE**

| | |
|---|---|
| John C. Sullivan<br>S\|L Law PLLC<br>610 Uptown Boulevard<br>Suite 2000<br>Cedar Hill, TX 75104<br>(469) 523-1351 | Robert M. Loeb<br>John Coleman<br>Orrick, Herrington &<br>  Sutcliffe LLP<br>2100 Pennsylvania Ave., NW<br>Washington, DC 20037<br>(202) 339-8400 |

*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*

# ADDITIONAL COUNSEL

Joseph J. Reilly
TROUTMAN PEPPER HAMILTON
   SANDERS LLP
401 9th St NW
Suite 1000
Washington, DC 20004
joseph.reilly@troutman.com

*Counsel for Intervenors-Plaintiffs Texas Farm Credit, Farm Credit Council, and Capital Farm Credit*

Alan Bartlett Padfield
Kelsey Nicole Linendoll
Owen Colin Babcock
PADFIELD & STOUT, LLP
100 Throckmorton Street
Suite 700
Fort Worth, TX 76102
abp@padfieldstout.com

*Counsel for Intervenors-Appellants* XL *Funding, LLC d/b/a Axle Funding, LLC, Equipment Leasing, and Finance Corporation*

Sarah J. Auchterlonie
BROWNSTEIN HYATT FARBER
   SCHRECK, LLP
675 15th Street
Suite 2900
Denver, CO 80202
sja@bhfs.com

Nicholas González
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

James J. Butera
Ryan Israel
MEEKS, BUTERA & ISRAEL PLLC
2020 Pennsylvania Ave., NW
Washington, DC 20006

*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*

Thomas Pinder
Andrew Doersam
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave., NW
Washington, DC 20036

*Counsel for Plaintiffs-Appellants American Bankers Association*

Elbert Lin
HUNTON ANDREWS KURTH, L.L.P.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
elin@hunton.com

James Winford Bowen
HUNTON ANDREWS KURTH, L.L.P.
Suite 3700
1445 Ross Avenue
Fountain Place
Dallas, TX 75202

*Counsel for Intervenors-Appellants Rally Credit Union, Credit Union National Association, and Cornerstone Credit Union League*

Erica N. Peterson
HUNTON ANDREWS KURTH, L.L.P.
2200 Pennsylvania Avenue, NW
Washington, DC 20037

*Counsel for Plaintiffs-Appellants Texas First Bank, Independent Bankers Association of Texas, and Independent Community Bankers of America*

# ARGUMENT

The motion to intervene is without merit. More than two months after the sole basis for their claim of inadequate representation emerged, Rise Economy and The National Association for Latino Community Asset Builders (collectively, "Proposed-Intervenors") seek intervention—something this Court has emphasized is "reserved for truly exceptional cases," *Richardson v. Flores*, 979 F.3d 1102, 1104-05 (5th Cir. 2020)—in an expedited appeal that has already been fully briefed.[1] So late is their request that oral argument is now less than a week away. The untimeliness of Proposed-Intervenors' motion is reason by itself to deny it. But the motion also fails separately because Proposed-Intervenors have not shown inadequacy. On that element, Proposed-Intervenors offer nothing more than hypothesis and speculation about what the Trump administration may or may not do.

---

[1] The Court denied (Dkt. 91-2) Proposed-Intervenors' original motion to intervene (Dkt. 82) and Proposed-Intervenors now seek reconsideration, Dkt. 99. The Court requested the parties' response to the reconsideration motion. Dkt. 103. Because Proposed-Intervenors' bases for intervention are more thoroughly set out in their original motion and that motion provides multiple grounds for reaffirming this Court's original decision to deny intervention and for denying the motion for reconsideration, Plaintiffs focus on the original motion and cite to it unless otherwise specified.

Because Proposed-Intervenors cannot satisfy the intervention requirements, the Court should deny their motion for reconsideration of this Court's decision denying intervention.

    1. "[M]otions to intervene on appeal are reserved for truly exceptional cases" and only "*for imperative reasons*." *Richardson*, 979 at 1104-05. To obtain intervention, the movant must also show that their motion is timely; that they have a protectable interest in the case; that their ability to protect that interest may be impaired absent intervention; and that their interest is inadequately represented by existing parties. *See id.* (explaining that the considerations in district court intervention inform intervention on appeal); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (setting forth the intervention requirements). Failing to satisfy any one of these justifies denying intervention. *Id.* at 304-05.

    2. This Court can and should deny the motion as untimely. Proposed-Intervenors delayed too long in seeking intervention and their delayed intervention will prejudice Plaintiffs.

    A good "gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no

longer be protected by the original parties." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994). Proposed-Intervenors argue that they should be allowed to intervene because the Trump administration may not continue a full-throated defense of the Rule. But setting aside the speculative nature of that argument, *see infra* 5-6, Proposed-Intervenors have known about the incoming administration since *November 6, 2024*, when the election was called for President Trump and then-Vice-President Kamala Harris conceded the election. Nicholas Nehmas & Erica L. Green, *Harris Says She Concedes the Election, but Not Her Fight*, N.Y. Times (Nov. 6, 2024), https://tinyurl.com/nhavmx3j. Nothing justifies Proposed-Intervenors delaying *more than two months* after they became aware a new administration was incoming. Their delay is all the more unreasonable because they also sought to intervene *after* this case was fully briefed.

To avoid this untimeliness problem, Proposed-Intervenors say that they acted promptly because they "reasonably" counted on the government's defense of the Rule after the election and only "after January 20, 2025" did it become possible that the incoming administration would change "the government's litigation positions."

3

Motion at 9. That is an odd position given that Proposed-Intervenors filed their original motion to intervene *before* January 20, 2025, and that they claim as the basis for inadequate representation the Trump administration's past hostility to their Section 1071 interests, *years before* the Rule became law. *See* Motion at 2-4. If Proposed-Intervenors' motion is premised on the (entirely speculative) notion that the Trump administration will not vigorously defend the Rule because of its past hostility to their Section 1071 interests, then they cannot call their two-month delay after the election prompt.

Proposed-Intervenors cobble together out-of-context snippets from a Seventh Circuit case to suggest that other courts of appeals endorse intervention in circumstances like those here. But that case emphasized that courts are justified in *denying* intervention to proposed intervenors where "the writing had long been on the wall" that intervention would be necessary to protect their interests. *See Cook Cnty. v. Texas*, 37 F.4th 1335, 1344 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 565 (2023). And that decision only underscores that denying intervention here is *more justified* because the Seventh Circuit was addressing a *district court's* decision to deny intervention and the

burden to intervene on appeal is much higher, since this Court grants intervention on appeal in only "truly exceptional cases," *Richardson*, 979 F.3d at 1104-05.

This is not an exceptional case, let alone a "truly exceptional" one that could warrant intervention on appeal. Proposed-Intervenors' delay serves no purpose other than introducing disruption and risking delay. This Court should not excuse Proposed-Intervenors' delay and allow them to further interfere with and delay this expedited appeal, which Plaintiffs sought to protect their interests and to ward off the irreparable harm they risk suffering by being forced to comply with the unlawful CFPB Rule. And here, allowing a new party to come into the case after briefing is closed and present oral argument without filing any brief is both unprecedented and wholly unfair to Plaintiffs who have targeted their arguments to respond to the precise arguments made by the CFPB.

3. The Court should also deny intervention for an additional and independent reason: Proposed-Intervenors offer nothing more than speculation and hypothesis to support their argument that the Trump

5

administration will not defend the Rule, or that it will "improperly delay [its] implementation." *See* Motion at 13.

"[P]ure[] speculati[on]" about "the *prospect* of inadequate representation" is insufficient to establish inadequacy. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) (emphasis added). That is all Plaintiffs can offer. They invoke the change in presidential administration as the basis for inadequate representation but cite nothing to support their view that the Trump administration will not defend the Rule or will delay its implementation.

The absence of evidence is telling, given that the Trump administration has already notified courts about changes in its legal positions or, where the new administration's positions *may* influence their legal positions, it has informed the courts that the legal positions are being reevaluated and that delaying the adjudication of existing cases may therefore be warranted. *See, e.g.,* Letter from the Acting Solic. Gen. to the Sup. Ct., *Louisiana v. Phillip Callais, et al.*, No. 24-109 & *Press Robinson, et al. v. Phillip Callais*, et al., No. 24-110 (Jan. 24, 2025), https://tinyurl.com/mwe3yk3c; Rule 28(j) Letter from the

Department of Justice to the D.C. Circuit, *Marin Audubon Society, et al. v. FAA, et al.*, No. 23-1067 (D.C. Cir. Jan. 23, 2025). No such notices have been submitted here even though oral argument is being held in less than a week.

## CONCLUSION

For all these reasons, the Court should deny Proposed-Intervenor's motion.

Respectfully submitted,

| | |
|---|---|
| */s/Joseph J. Reilly* | */s/Robert M. Loeb* |
| Joseph J. Reilly | Robert M. Loeb |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | John Coleman |
| 401 9th St NW | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Suite 1000 | 2100 Pennsylvania Ave., NW |
| Washington, DC 20004 | Washington, DC 20037 |
| joseph.reilly@troutman.com | (202) 339-8400 |
| | rloeb@orrick.com |
| *Counsel for Intervenors-Plaintiffs Texas Farm Credit, Farm Credit Council, and Capital Farm Credit* | Nicholas González |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 355 S. Grand Ave., Suite 2700 |
| */s/Alan Bartlett Padfield* | Los Angeles, CA 90071 |
| Alan Bartlett Padfield | |
| Kelsey Nicole Linendoll | John C. Sullivan |
| Owen Colin Babcock | S\|L LAW PLLC |
| PADFIELD & STOUT, LLP | 610 Uptown Boulevard |
| 100 Throckmorton Street | Suite 2000 |

7

Suite 700
Fort Worth, TX 76102
abp@padfieldstout.com

*Counsel for Intervenors-Appellants XL Funding, LLC d/b/a Axle Funding, LLC, Equipment Leasing, and Finance Corporation*

/s/ Sarah J. Auchterlonie
Sarah J. Auchterlonie
BROWNSTEIN HYATT FARBER
   SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
sja@bhfs.com

*Counsel for Intervenors-Appellants Rally Credit Union, Credit Union National Association, and Cornerstone Credit Union League*

Cedar Hill, TX 75104

James J. Butera
Ryan Israel
MEEKS, BUTERA & ISRAEL PLLC
2020 Pennsylvania Ave., NW
Washington, DC 20006

*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*

Thomas Pinder
Andrew Doersam
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave., NW
Washington, DC 20036

*Counsel for Plaintiffs-Appellants American Bankers Association*

/s/ Elbert Lin
Elbert Lin
HUNTON ANDREWS KURTH, L.L.P.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
elin@hunton.com

James Winford Bowen
HUNTON ANDREWS KURTH, L.L.P.
Suite 3700
1445 Ross Avenue
Fountain Place
Dallas, TX 75202

Erica N. Peterson
HUNTON ANDREWS KURTH, L.L.P.
2200 Pennsylvania Avenue, NW

                                        Washington, DC 20037

                                        *Counsel for Plaintiffs-Appellants Texas First Bank, Independent Bankers Association of Texas, and Independent Community Bankers of America*

January 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Fifth Circuit by using the appellate CM/ECF system on January 28, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert M. Loeb*
Robert M. Loeb
*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*

# CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Fed. R. App. P. 27(D)(2) because this opposition contains 1,180 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this opposition has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert M. Loeb*
Robert M. Loeb
*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*
