No. 24-40705

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Texas Bankers Association; Rio Bank, McAllen, Texas; American Bankers Association; Texas First Bank; Independent Bankers Association of Texas; Independent Community Bankers of America,
*Plaintiffs-Appellants*,

v.

Consumer Financial Protection Bureau; Rohit Chopra, in his official capacity as Director of the Consumer Financial Protection Bureau,
*Defendants-Appellees*,

v.

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,
*Intervenor Plaintiffs-Appellants*,

v.

XL Funding, L.L.C.; Equipment Leasing and Finance Association; Rally Credit Union; Credit Union National Association; Cornerstone Credit Union League,
*Intervenors-Appellants*.

On appeal from the United States District Court for the Southern District of Texas
Civil Action No. 7:23-cv-144
Hon. Randy Crane

EMERGENCY RENEWED MOTION OF RISE ECONOMY AND NATIONAL ASSOCIATION FOR LATINO ASSET BUILDERS TO INTERVENE

Rachel L. Fried
Aman T. George
Robin F. Thurston
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Intervenors*

CERTIFICATE OF INTERESTED PERSONS
No. 24-40705, Texas Bankers Association et al. v. Consumer Financial Protection Bureau et al.

The undersigned counsel of record certifies that, in addition to those already listed in those briefs already filed by the parties and *amici*, the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Proposed Intervenors: Rise Economy and the National Association for Latino Community Asset Builders.

Counsel: Democracy Forward Foundation (Robin F. Thurston, Aman T. George, and Rachel L. Fried).

Pursuant to Fed. R. App. P. 26.1, Rise Economy and the National Association for Latino Community Asset Builders certify that they have no outstanding shares or debt securities in the hands of the public, they have no parent companies, and no publicly held company has a 10% or greater ownership interest in either organization.

Dated:   February 3, 2025

Respectfully submitted,

/s/ *Robin F. Thurston*

Robin F. Thurston
*Counsel for Proposed Intervenors*

# TABLE OF CONTENTS

ARGUMENT ................................................................................................ 1

CONCLUSION ...........................................................................................3

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Clean Air Council v. Pruitt*, 862 F.3d 1 (D.C. Cir. 2017) .........................2

*Clean Water Act v. EPA*, 936 F.3d 308 (5th Cir. 2019) .........................2

*La Union del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022)...1

*Open Cmtys. All. v. Carson*, 286 F. Supp. 3d 148 (D.D.C. 2017)...........2

*Texas Bankers Ass'n, et al. v. Consumer Financial Protection Bureau, et al.*, Civil Action No. 7:23-CV-144, 2024 WL 5256501 (S.D. Tex. Nov. 14, 2024)..................................................................................2

**Statutes**

5 U.S.C. § 553 ............................................................................................. 1

**Rules**

F.R.C.P. 24 .................................................................................................. 1

# ARGUMENT

Proposed Intervenors Rise Economy (f/k/a the California Reinvestment Coalition) and NALCAB renew their motion to intervene in the above-captioned case.

In its filing today and at oral argument, the CFPB indicated that it both seeks a stay in the proceedings in this case, and that it will not object to a tolling of the deadlines associated with the 1071 Final Rule. *See* Dkt. No. 117. These delays are precisely the sort of delays that implicate Proposed Intervenors' rights and interests, which Proposed Intervenors seek to protect. *See generally* Dkt. No. 82-1. Proposed Intervenors' concerns are not speculative; the CFPB no longer adequately protects Proposed Intervenors' interests, and a delay in this matter, including a delay in effective dates of the 1071 Final Rule, will impede Proposed Intervenors' interests. *See* F.R.C.P. 24(a)(2); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

Additionally, no legal authority has been given for any stay, tolling, or other delay in the implementation of the 1071 Final Rule. As Proposed Intervenors explained in their initial motion, acquiescence by the CFPB to delay via these proceedings would violate the Administrative Procedures Act. *See* Dkt. No. 82-1 at 5, 13 (citing 5 U.S.C. § 553; *Clean Water Act v. EPA*, 936 F.3d 308, 315 (5th Cir.

1

2019); *Clean Air Council v. Pruitt*, 862 F.3d 1, 8–9, 14 (D.C. Cir. 2017); *Open Cmtys. All. v. Carson*, 286 F. Supp. 3d 148, 162–63 (D.D.C. 2017)).

Moreover, both this Court and the district court have rejected requests by Appellants to stay the 1071 Final Rule. *See* Dkt. No. 38-1 (denying motion for administrative stay); Dkt. No. 129, *Texas Bankers Ass'n v. Consumer Financial Protection Bureau*, No. 7:23-CV-144, 2024 WL 5256501 (S.D. Tex. Nov. 14, 2024) (denying motion to stay and toll deadlines pending appeal). As the district court explained, none of the factors required to grant a stay of the compliance deadlines are met, and "Plaintiffs/Intervenors have not met their 'heavy burden' to show that the circumstances justify such 'extraordinary relief.'" Dkt. No. 129, *id.*,129, *Texas Bankers Ass'n v. Consumer Financial Protection Bureau*, Civil Action No. 7:23-CV-144, at 1. This holding, of course, distinguishes this case from *Chamber of Commerce of the U.S. v. Consumer Financial Protection Bureau*, Civil Action No. 23-40650, in which the district court held that the Plaintiffs had met the standards required to enjoin the CFPB's challenged action in that matter. For this Court to grant a stay of the compliance dates now, due to the change in CFPB leadership, would upset the status quo and effectively reverse both the district court's ruling and this Court's prior order on the administrative stay without process or recourse. At minimum, intervention status should be granted to Proposed Intervenors so the

matter of a stay can be fully and adequately considered by this Court prior to any change in compliance dates under the 1071 Final Rule.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant Proposed Intervenors' motion to intervene, and not authorize any stay or delay in these proceedings or in compliance dates under the 1071 Final Rule until Proposed Intervenors may be heard on the issue.

Dated:

February 3, 2025

Respectfully submitted,

*/s/ Robin F. Thurston*

Robin F. Thurston
Aman T. George
Rachel L. Fried
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
ageorge@democracyforward.org
rfried@democracyforward.org
rthurston@democracyforward.org

Counsel for Proposed Intervenors

## CERTIFICATE OF COMPLIANCE

This filing complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 530 words.

This filing also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Baskerville Old Face font.

Dated:                                              Respectfully submitted,

February 3, 2025                         */s/ Robin F. Thurston*
                                                    Robin F. Thurston
                                                    *Counsel for Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, the foregoing document was filed using the CM/ECF system, which will effect service on all parties.

Dated:

February 3, 2025

Respectfully submitted,

*/s/ Robin F. Thurston*
Robin F. Thurston
*Counsel for Intervenors*