# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals Fifth Circuit
**FILED**
February 7, 2025
Lyle W. Cayce
Clerk

No. 24-40705

Texas Bankers Association; Rio Bank, McAllen, Texas; American Bankers Association; Texas First Bank; Independent Bankers Association of Texas; Independent Community Bankers of America,

*Plaintiffs—Appellants*,

*versus*

Consumer Financial Protection Bureau; Rohit Chopra, *in his official capacity as Director of the Consumer Financial Protection Bureau*,

*Defendants—Appellees*,

*versus*

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,

*Intervenor Plaintiffs—Appellants*,

------------------------------

XL Funding, L.L.C.; Equipment Leasing and Finance Association; Rally Credit Union; Credit Union National Association; Cornerstone Credit Union League,

*Intervenors—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CV-144

_____

UNPUBLISHED ORDER

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:

Plaintiffs and intervenors (collectively, "Texas Bankers") sued the Consumer Financial Protection Bureau ("CFPB"), challenging a rule that required financial institutions to compile and disclose loan-pricing data and the LGBT status of the owners of loan-applicant businesses. *See* Small Business Lending Under the Equal Credit Opportunity Act (Regulation B), 88 Fed. Reg. 35,149 (May 31, 2023) ("Rule"). The district court granted summary judgment for CFPB. *See Tex. Bankers Ass'n v. CFPB*, No. 7:23-cv-144, 2024 WL 3939598 (S.D. Tex. Aug. 26, 2024).

Texas Bankers appealed. It also moved for a stay pending appeal, asking this court to toll compliance deadlines; CFPB objected. This court carried the motion with the case.

A new President was inaugurated January 20, 2025. This case had already been set to be orally argued on February 3, 2025. The morning of oral argument, CFPB notified the court that "[c]ounsel for the CFPB has been instructed" by new leadership "not to make any appearances in litigation except to seek a pause in proceedings." Accordingly, although both sides appeared in court as scheduled, only Texas Bankers addressed the merits.

The court directed each side to announce, in writing, its posture regarding the current status of the case.

CFPB states that it "does not oppose . . . [p]laintiffs' motion for a stay pending appeal in part to stay obligations to comply with the rule, and toll

2

compliance deadlines, for 90 days to give the Acting Director time to consider the issues." Texas Bankers continues to ask the court to "toll[] the operable compliance deadlines from the date this appeal was taken until this appeal is finally resolved" and to "order the CFPB to provide the Court a status update within 30 days."

Texas Bankers's motion for stay pending appeal is GRANTED, subject to modification at any time, as circumstances may warrant. Deadlines for compliance with the Rule are hereby TOLLED, but only for plaintiffs and intervenors in this case, pending further order. Nothing in this opinion is to be construed as a comment on the ultimate merits of the underlying litigation.