No. 24-40705

IN THE

# United States Court of Appeals for the Fifth Circuit

Texas Bankers Association; Rio Bank, McAllen, Texas; American Bankers Association; Texas First Bank; Independent Bankers Association of Texas; Independent Community Bankers of America,
Plaintiffs - Appellants

v.

Consumer Financial Protection Bureau; Russell Vought, in his official capacity as Director of the Consumer Financial Protection Bureau,
Defendants - Appellees

v.

Texas Farm Credit; Farm Credit Council; Capital Farm Credit,
Intervenor Plaintiffs - Appellants

v.

Rally Credit Union; Credit Union National Association; Cornerstone Credit Union League,
Movants - Appellants

XL Funding, L.L.C.; Equipment Leasing and Finance Association,
Intervenors - Appellants

On Appeal from the United States District Court for the Southern District of Texas, No. 7:23-cv-144
Hon. Randy Crane

## JOINT MOTION TO VOLUNTARILY DISMISS APPEAL

## INTRODUCTION

This appeal involves the Consumer Financial Protection Bureau's ("CFPB") 2023 Small Business Lending Rule ("2023 Rule"), which required covered financial institutions to compile and publicly disclose a slew of information that Plaintiffs-Appellants contended Congress never authorized the CFPB to collect under 15 U.S.C. § 1691c–2.

In 2024, the district court granted summary judgment to the CFPB and upheld the 2023 Rule. Plaintiffs-Appellants timely appealed, briefed the matter, and this Court heard oral argument. At oral argument, the CFPB asked that the proceedings be paused while new CFPB leadership reevaluated the 2023 Rule.

This Court then granted Plaintiff-Appellants' motion for a stay pending appeal, which also requested that the compliance deadlines be tolled during the pendency of the appeal. The Court later ordered that the CFPB provide it with a status report, at which point the CFPB asked that the existing stay and tolling remain in effect while the CFPB undertook a new notice-and-comment rulemaking under Section 1071 and proposed filing periodic status reports on that process. Following this Court's order, the CFPB filed a status report every 30 days.

Then, on May 1, 2026, the CFPB published a final rule superseding the challenged 2023 Rule. *See* 91 Fed. Reg. 23,530 (May 1, 2026) ("2026 Rule"). The 2026 Rule became effective June 30, 2026, and by its own terms revises the 2023 Rule at issue in this appeal.

Because the challenged 2023 Rule has been revised in a way that addresses the issues Plaintiffs-Appellants challenged in this litigation, there is no longer a live controversy for this Court to decide and no effective relief this Court could grant directed at the 2023 Rule, mooting this appeal. In light of the mootness, the parties explained to the Court in the June 3, 2026 status report that they expected to jointly ask this Court to declare this matter moot and to vacate the adverse district court opinion under *Munsingwear*/*Bonner Mall*. *See U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 22-23 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950); *see also Smith v. Edwards*, 88 F.4th 1119, 1126 (5th Cir. 2023). But the parties explained that they intended to delay the filing of such a joint motion until at least 60 days had passed since the new § 1071 rule had gone into effect, so that they could assess whether there were any serious

challenges to the new rule that might counsel keeping this matter in abeyance longer.

That time has passed and no such challenges have arisen, so the parties now jointly move for this Court to declare this matter moot and vacate the district court's judgment.

## ARGUMENT

**This Appeal Is Moot.**

Article III limits federal courts to the resolution of actual cases or controversies. U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). An appeal is thus moot when intervening events make it impossible for the reviewing court to grant effective relief to the appellant. *See Smith*, 88 F.4th at 1126. Thus, with exceptions not relevant here, "mootness is the default" when a "regulation is … repealed after plaintiffs bring a lawsuit challenging [its] legality" because a court judgment is incapable of granting plaintiffs the relief

sought. *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023).

That principle controls here. Plaintiffs-Appellants' appeal sought reversal of certain aspects of the district court's judgment upholding the 2023 Rule. But the 2023 Rule no longer exists as an operative regulation. While this appeal was pending, the CFPB completed a full notice-and-comment rulemaking and published the 2026 Rule, which revises the 2023 Rule such that the legal obligations Plaintiffs-Appellants challenged as unlawful under the 2023 Rule are no longer operative. 91 Fed. Reg. at 23,530.

This Court therefore cannot grant Plaintiffs-Appellants any effectual relief directed at the 2023 Rule: A reversal or vacatur of the district court's judgment on the merits of the 2023 Rule would have no practical effect on the parties' current legal obligations, which have since been addressed by the 2026 Rule's revisions to the 2023 Rule. That is, the aspects of the 2023 Rule challenged in this appeal are not present in the 2026 Rule. Thus, the 2023 Rule and the policies embedded in that Rule that were the subject of this appeal no longer exist.

Accordingly, the issues presented to this Court on appeal and the district court below are no longer live, and the parties agree that the appeal should be dismissed as moot. *See Freedom From Religion Found.*, 58 F.4th at 838 (dismissing appeal as moot because challenged regulation had been repealed during the appeal).

**The District Court's Judgment Should Be Vacated.**

When a civil case becomes moot on appeal, "the established practice … in the federal system … is to reverse or vacate the judgment below and remand with a direction to dismiss." *Munsingwear, Inc.*, 340 U.S. at 39–40 .

Vacatur, in particular, is an equitable remedy that "is in order when mootness occurs through … the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71-72 (1997) (quoting *Bonner*, 513 U.S. at 23); *accord Staley v. Harris Cnty.,* 485 F.3d 305, 310 (5th Cir. 2007) (explaining that "vacatur [of the district court's judgment] must be granted where" the prevailing party below unilaterally caused the mootness) (citation omitted). That principle reflects the common-sense notion that a plaintiff "frustrated by the vagaries of circumstance … ought not in

fairness be forced to acquiesce in the judgment" they were challenging on appeal. *Bonner*, 513 U.S. at 25.

Vacatur follows directly from these authorities. Plaintiffs-Appellants did everything in their power to obtain merits review of the adverse judgment. Indeed, Plaintiffs-Appellants moved quickly, seeking expedited review of the judgment below and then briefing and arguing the appeal under a compressed timeline. It was only due to circumstances entirely outside of Plaintiffs-Appellants' control—a new rulemaking under the CFPB's new leadership imposing revised obligations—that this appeal became moot.

This is thus not a case in which equitable considerations might counsel against vacatur—for example, where a party *defending a favorable* judgment could be deprived of that judgment because of *their opponent's* voluntary actions mooting an appeal, or where vacating the district court judgment could lead to "relitigation of the identical issues by the same parties under the same circumstances." *E.g., Staley*, 485 F.3d at 311-12 (denying vacatur because these equities favored preserving the district court's judgment).

Thus, this Court should both dismiss the appeal as moot and vacate the district court's judgment.

Respectfully submitted,

*/s/Joseph Frisone*
MARK PAOLETTA
Chief Legal Officer
DANIEL SHAPIRO
Deputy Chief Legal Officer
VICTORIA DORFMAN
General Counsel
JOSEPH FRISONE
Assistant General Counsel
CONSUMER FINANCIAL PROTECTION BUREAU
445 12th Street, SW
Washington, DC 20554
(202) 435-9287
Joseph.Frisone@cfpb.gov

*Counsel for Defendant-Appellee Consumer Financial Protection Bureau*

/s/ *Joseph J. Reilly*
Joseph J. Reilly
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th St NW
Suite 1000
Washington, DC 20004
joseph.reilly@troutman.com

*Counsel for Intervenors-Plaintiffs Texas Farm Credit, Farm Credit Council, and Capital Farm Credit*

*/s/Robert M. Loeb*
Robert M. Loeb
John Coleman
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
RLoeb@Orrick.com

/s/ Alan Bartlett Padfield
Alan Bartlett Padfield
Kelsey Nicole Linendoll
Owen Colin Babcock
PADFIELD & STOUT, LLP
100 Throckmorton Street, Suite 700
Fort Worth, TX 76102
abp@padfieldstout.com

*Counsel for Intervenors-Appellants XL Funding, L.L.C. d/b/a Axle Funding, LLC, Equipment Leasing and Finance Association*

/s/ *Elbert Lin*
Elbert Lin
HUNTON ANDREWS KURTH, L.L.P.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
elin@hunton.com

James Winford Bowen
HUNTON ANDREWS KURTH, L.L.P.
Suite 3700
1445 Ross Avenue
Fountain Place
Dallas, TX 75202

Erica N. Peterson
HUNTON ANDREWS KURTH, L.L.P.
2200 Pennsylvania Avenue, NW
Washington, DC 20037

*Counsel for Plaintiffs-Appellants Texas First Bank, Independent Bankers Association of Texas, and Independent Community Bankers of America*

Nicholas González
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

James J. Butera
Ryan Israel
MEEKS, BUTERA & ISRAEL PLLC
2020 Pennsylvania Ave., NW
Washington, DC 20006

John C. Sullivan
S|L LAW PLLC
610 Uptown Boulevard
Suite 2000
Cedar Hill, TX 75104
(469) 523-1351

*Counsel for Plaintiffs-Appellants Texas Bankers Association, Rio Bank, and American Bankers Association*

Celeste M. Embrey
TEXAS BANKERS ASSOCIATION
203 W. 10th Street
Austin, TX 78701
(512) 417-2004

*Counsel for Plaintiff-Appellant Texas Bankers Association*

/s/ *Thomas Pinder*
Thomas Pinder
Andrew Doersam
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave., NW
Washington, DC 20036

*Counsel for Plaintiffs-Appellants American Bankers Association*

/s/ *Sarah J. Auchterlonie*
Sarah J. Auchterlonie
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street
Suite 2900
Denver, CO 80202
sja@bhfs.com

*Counsel for Intervenors-Appellants Rally Credit Union, America's Credit Unions (formerly Credit Union National Association), and Cornerstone Credit Union League*

September 3, 2026

## CERTIFICATE OF SERVICE

On September 3, 2026, this joint motion to voluntarily dismiss appeal was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert M. Loeb*
Robert M. Loeb